## 36288. GILBERT *v.* THE STATE.

DECIDED JULY 16, 1956.

*T. E. Miller,* for plaintiff in error.

TOWNSEND, J. The dying declaration of the deceased which was properly introduced in evidence was as follows: "A doctor won't do me any good because I'm killed. Gilbert shot and killed me. Gilbert shot first but I shot the gun out of his hand." The defendant's statement and the testimony of his son and another witness is that the three were in the woods rounding up some hogs and hunting a dog; that the deceased came up and asked what business they had in those woods and he told them; that he "told Mr. Gilbert to wait there 5 minutes" or "dared him to wait until he could go home and come back"; that the deceased went off and the defendant and his witnesses walked over a mile back to their truck and were getting in when the deceased returned with a shotgun; that the son of the defendant stood in front of him to protect him and the deceased stated, "If you don't move I will blow both of your God damned brains out"; that he shot first, and then the defendant shot. A sister of the deceased who was not an eyewitness but heard the shots testified that the defendant shot first. The defendant was wounded in one hand, whether the hand in which he held the weapon or not is not shown by the record.

If manslaughter is involved at all under these facts, it can only be involved under the theory of mutual combat. See *Bailey* v. *State,* 148 *Ga.* 401 (96 S. E. 862); *Daniels* v. *State,* 157 *Ga.* 780(4) (122 S. E. 223). As to what is involved in mutual combat, it is held in *Langford* v. *State,* 212 *Ga.* 364, 366 (93 S. E. 2d 1) as follows: "Mutual combat exists where there is a fight with dangerous or deadly weapons, and when both parties are at fault and are willing to fight because of a sudden quarrel. Code § 26-1014; *Harris* v. *State,* 184 *Ga.* 382, 390 (191 S. E. 439); *Brannon* v. *State,* 188 *Ga.* 15 (1) (2 S. E. 2d 654); *Watson* v. *State,* 66 *Ga. App.* 242 (17 S. E. 2d 559). The essential ingredient, mutual intent, in order to constitute mutual combat, must

be a willingness, a readiness, and an intention upon the part of both parties to fight. Reluctance, or *fighting to repel an unprovoked attack, as in this case, is self-defense and is authorized by the law, and should not be confused with mutual combat.* It is a well-settled principle of law that an aggressor will not be allowed, under the law, to mitigate his crime on the theory of mutual combat when it appears that his victim had no desire to fight, and intended to fight only to the extent that a defense of his person against an unprovoked assault was necessary." (Italics ours).

In this case it appears that the defendant had no desire to fight, and intended to fight only to the extent that a defense of his person and that of his son was necessary. A homicide under such circumstances is justifiable. See Code §§ 26-1011, 26-1012, and citations thereunder.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*