## 47531. BARNWELL v. THE STATE.

STOLZ, Judge. The appellant and his brother, Major Barnwell, were tried and convicted of aggravated assault and motor vehicle theft. The appeal is from the judgment overruling the motion for new trial as amended. *Held:*

1. The trial court did not err in failing to charge that the appellant had the right to escape or resist arrest and that, in resisting arrest, he would be authorized to use such force as was reasonably necessary to prevent the illegal arrest if the jury found the arrest to be illegal. The uncontroverted evidence shows that the law enforcement officer saw three men together, with one holding a

sawed-off shotgun, the possession of which is a felony. *Code Ann.* §§ 26-9911a, 26-9912a, 26-9913a (Ga. L. 1968, pp. 983, 984). Thus, the officer had probable cause to arrest the person committing the crime of possession of the weapon in his presence, *Code* § 27-207, and was authorized to search the other two men to determine if other weapons were present and for his own protection. Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). Moreover, he never arrested the subjects, but was simply acting in an investigative capacity when he was shot.

2. The appellant was not denied a fair trial because the State failed to disclose that a co-indictee and State's witness, Walter Fowler, alias Walter Kool, had received help from the district attorney in the form of a reduction in bond, the recommendation after trial of the dead docketing of the two felony cases against him (on the same charges of which the appellant was convicted), and probation for the misdemeanor case (a pistol violation). In *Morris v. State,* 228 Ga. 39, 48 (184 SE2d 82), as here, the record was replete with denials by co-defendants that any deals or promises were made to obtain testimony, and the Supreme Court held: "By the questioning above referred to, the jury were . . . aware that these two witnesses had turned State's evidence and, no doubt, scanned it with care, knowing that they, under such circumstances, might feel that their testimony for the State would be beneficial to them . . . Thus, the jury had an issue of credibility and was in position to decide whether this testimony was true or perjured. They resolved the issue against the appellant."

The case differs substantially in the facts from Giglio v. United States, 405 U. S. 150 (92 SC 763, 31 LE2d 104) and Napue v. Illinois, 360 U. S. 264 (79 SC 1173, 3 LE2d 1217). Here, the *officer* testified affirmatively that "Kool" did not participate in the assault on him, but ran when the shooting started. The affidavit of the assistant district attorney showed that "Kool" was told that he would not be prosecuted on the aggravated assault charge prior

to this trial since the State's evidence did not show him guilty of the same. The jury found the Barnwells guilty on the motor vehicle theft charge, thus precluding "Kool's" conviction on that charge.

3. The contention in the third enumerated error, that the evidence was insufficient to authorize a conviction since the only evidence was the uncorroborated testimony of an accomplice ("Kool"), is likewise unmeritorious. Officer Thomas offered direct and positive testimony regarding the aggravated assault charge. The jury was authorized to find that James Barnwell was acting in concert with his brother, who actually shot the officer, by attempting to distract officer Thomas so that Major Barnwell could get the pistol out of the paper sack, which apparently he did. Other evidence, excluding "Kool's" testimony, was sufficient to authorize a conviction on this charge. There was evidence, for example, that after Major Barnwell had shot the officer three or more times, the appellant lunged at the officer and was shot in the leg while doing so.

On the motor vehicle theft charge, "Kool" was not an accomplice, which is one who participates in the commission of the same criminal act with which the defendant is charged. The jury had the choice of believing either "Kool's" sworn testimony, implicating the Barnwell brothers, or the Barnwell brothers' unsworn statements denying guilt of the automobile theft. They chose to believe that which was given under oath.

4. For the foregoing reasons the trial judge did not err in overruling the appellant's motion for new trial as amended.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*

Submitted September 7, 1972—Decided September 19, 1972—Rehearing denied October 17, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton,* District Attorney, *Donald G. Frost, Joseph J. Drolet, Joel M. Feldman,* for appellee.