## 55365. HEARN v. THE STATE.

BANKE, Judge.

The appellant was indicted for murder after she shot and killed her husband during an argument in their home. She was convicted of voluntary manslaughter as a lesser included offense and filed this direct appeal.

1. It was not error to overrule the appellant's motion for directed verdict of acquittal, although her own account of the incident, in which she claimed that she had acted in self-defense, was the only evidence identifying her as the person who had done the shooting. A jury may be authorized to rely on the incriminating portion of a defendant's testimony while rejecting other portions which are exculpatory. See *Cox v. State,* 172 Ga. 482 (3) (159 SE 17) (1931). See also *Willis v. State,* 63 Ga. App. 262 (1) (10 SE2d 763) (1940); *Jones v. State,* 71 Ga. App. 56 (30 SE2d 284) (1944). In this case, several of the circumstances surrounding the homicide tend to cast doubt on the appellant's explanation. For example, there was no indication that any physical struggle had taken place prior to the shooting, Also, although the appellant testified that her husband had threatened her life just before she shot him, it appears that she secured her pistol well before this time, during a lull in the argument when she might just as easily have left or called the police had she perceived a threat to her safety. "While the evidence here was sufficient to authorize the jury to return a verdict of justifiable homicide, as the defendant contends, yet the evidence was also sufficient to authorize the

verdict of guilty of manslaughter, and the lower court did not err in denying the motions for directed verdict." *Nolen v. State,* 124 Ga. App. 593 (184 SE2d 674) (1971).

The fact that the motion for directed verdict of acquittal was made and denied at the close of the state's case, when the evidence may not have been sufficient to support a guilty verdict, does not require a different result. See *Bethay v. State,* 235 Ga. 371 (1) (219 SE2d 743) (1975).

2. It was not error to allow rebuttal witnesses to testify for the state on the issues of the appellant's character and the victim's reputation for peacefulness over the objection that their names had not been included on the state's list of witnesses. "Calling an unlisted witness in rebuttal is not error." *Nunnally v. State,* 235 Ga. 693 (13) (221 SE2d 547) (1975). This is particularly true where, as here, defense counsel was allowed to interview the rebuttal witnesses before they testified. Accord, *Brown v. State,* 235 Ga. 644 (2), 647 (220 SE2d 922) (1975).

3. On cross examination, the appellant was asked whether she was the beneficiary of any life insurance policies covering her husband. The defense objected on the ground that the evidence was inadmissible and prejudicial. This objection was properly overruled. See *Johnson v. State,* 186 Ga. 324 (3) (197 SE 786) (1938). See also *Canady v. State,* 171 Ga. 11 (2) (154 SE 332) (1930).

The appellant was subsequently asked whether she would receive the insurance proceeds as beneficiary if she were found guilty, whereupon the defense again objected both on the grounds that the question called for a legal conclusion and on the ground that the highest and best evidence of whether she was the beneficiary was the insurance policy itself. However, since the appellant had already testified that she was the beneficiary on the policies, her subsequent testimony on the question added nothing to what was already before the jury, rendering harmless any possible error in allowing it.

No error appearing for any reason assigned, the conviction is affirmed.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 2, 1978 — DECIDED MARCH 16, 1978 —
REHEARING DENIED MARCH 30, 1978 — CERT. APPLIED FOR.

*Elkins, Flournoy & Gemmette, Paul R. Gemmette,*
*James A. Elkins, Jr.,* for appellant.
*E. Mullins Whisnant, District Attorney, William J.*
*Smith, Assistant District Attorney,* for appellee.