## 58337. BEARD v. THE STATE.

DEEN, Chief Judge.

1. "After a verdict of guilty, in passing on the [appeal] that view of the evidence most favorable to the State must be taken, for every presumption and every inference is in favor of the verdict." *Swain v. State,* 74 Ga. App. 391, 393 (39 SE2d 727) (1946).

2. Taking that evidence most adverse to the defendant, the jury was authorized to believe that Beard and another were found in the woods with Beard's hunting dog which had been released there and that as they came out of the woods they were holding weapons; that the defendant carried a pump shotgun and was seen unloading it as he came in view; that the gun was examined and found to be unplugged, and that the defendant had a No. 3 buckshot and several smaller shells in his pocket. The defendant did not claim not to have carried an unplugged gun but only that he was not hunting but was running his dogs. The evidence was sufficient to support a conviction of hunting with an unplugged pump shotgun in contravention of Code § 45-503 (e) which is a misdemeanor. Code § 45-216.

3. The officers' testimony is to the further effect that one of the conservation officers on the scene, after informing the defendants they would have to charge them, attempted to obtain the license number from the pump gun, at which the defendant ran up behind him, cursed him, and attempted to grab the gun over his shoulder, the officer also being kicked in the leg. The evidence thus warrants a conviction for the offense of obstructing a law enforcement officer in the discharge of his official duties. Code § 26-2505.

4. In the conversation preceding the defendant's arrest, Beard stated that the officers were always harassing him and he was tired of it and was going to get them off his back one way or another; the defendant also testifying he told the officer "that he hadn't ever given me a damn break." In view of this testimony it was proper to

overrule a motion for mistrial made after the question, "Mr. Beard, you and Mr. Early have had some run-ins prior to this, haven't you?" The court ruled that the question might be answered but no further details elicited. We find no error, since the fact of "run-ins" had already been established by the defendant. *Coley v. State,* 135 Ga. App. 810 (1) (219 SE2d 35) (1975).

5. The defendant answered the question, "And you don't deny that the gun that you had was unplugged out there on the field that morning?" by stating he did not deny it. In view of this an instruction that admissions should be scanned with care, if the jury found the defendant had made an admission, was a correct statement of law and not, as contended, an expression of the judge's opinion.

*Judgment affirmed. Shulman, J., concurs. Carley, J., concurs in the judgment only.*

SUBMITTED SEPTEMBER 4, 1979 — DECIDED OCTOBER 1, 1979 — REHEARING DENIED OCTOBER 12, 1979.

*Ronald G. Shedd,* for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.

