## 60461. SHAW v. THE STATE.

BANKE, Judge.

The appellant was indicted for murder, found guilty of aggravated assault, and sentenced to three years imprisonment. He appeals the denial of his motion for new trial. *Held:*

1. The evidence was sufficient to allow a rational trier of fact to find the appellant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Even, if as appellant appears to allege, a prima facie case could not have been established without his testimony, it does not follow that the jury was required to accept his contention that he acted in self-defense in shooting the victim. "A jury may be authorized to rely on the incriminating portion of a defendant's testimony while rejecting other portions which are exculpatory." *Hearn v. State,* 145 Ga. App. 469 (1) (243 SE2d 728) (1978). The state presented evidence that the

appellant had previously threatened to kill the victim if he ever caught the victim on his family's property. The victim was unarmed and driving across the property when the appellant fired on him. This evidence provided ample basis for the jury's rejection. of the appellant's self-defense testimony.

2. The appellant also enumerates as error the denial of his challenge to the array of the traverse jury, arguing that the jury commissioners concentrated so hard on insuring that blacks and women were proportionally represented that they made no effort to comply with their statutory duty to choose "intelligent and upright citizens." See Code Ann. § 59-106. In support of this novel argument, we are cited to the testimony of one of the jury commissioners, who admitted that "there was some people on there that wasn't fit to tote guts to a hungry bear."

We know of no existing standard by which the performance of the jury commissioners in complying with their duty to consider the intelligence and uprightness of prospective jurors may be judged. Neither, apparently, does counsel for appellant, for he does not contend that any specific person on the jury list suffered from a mental disability or character flaw. The transcript of the hearing on the jury challenge is replete with assurances from the jury commissioners that they had attempted, whenever possible, to consider intelligence and uprightness as factors in the selection process. Thus, the trial court's conclusion that there had been a "bona fide effort on the part of these jury commissioners to comply with the law as near as they possibly could . . ." is amply supported by the evidence.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

Argued September 3, 1980 — Decided September 19, 1980 — Rehearing denied October 10, 1980 —

*F. Robert Raley,* for appellant.
*W. Donald Thompson, District Attorney,* for appellee.