## 62486. JONES v. THE STATE.

McMURRAY, Presiding Judge.
Defendant was indicted for the offenses of kidnapping, rape, aggravated sodomy and robbery. He was convicted and sentenced for the offenses of rape and robbery, receiving a sentence of 20 years on the rape count and 20 years on the robbery count to run concurrently

---

with the sentence on the rape count. The jury found him innocent of kidnapping and aggravated sodomy. The defendant's motion for new trial, as amended, was thereafter denied, and he appeals. *Held:*

1. The state's evidence was based largely upon the testimony of the victim that after she left work in the late afternoon in the City of Atlanta she was forced by the defendant, who told her that "he had a gun" but she really couldn't tell as he had some clothes across his arm, to enter her automobile in a parking lot near her place of employment. She was forced to drive to another parking lot where he grabbed her purse and a loaded .38 caliber pistol she had in the purse. While holding her pistol in his hand, the defendant forced her to undress, get in the back seat and have intercourse with him, then to drive him to a dwelling located near Stone Mountain where she was able to escape. Defendant's testimony was that the victim had propositioned him to engage in sex, an agreement was had to have sexual intercourse for $20, and she had intercourse with him in the automobile; they proceeded to several places in DeKalb County, and he later drove off in the car with her purse after she left him at a dwelling near Stone Mountain. Further, he claimed she was out to get him because he didn't give her the $20 which she requested. He was later found in a wrecked taxicab in a wounded condition (gunshot wound in the chest). Defendant stated he had been robbed. He was then transported to the hospital for surgery. After surgery he was poisoned by the rejection of penicillin.

It is clear here that the jury after considering all of the evidence apparently believed part of the defendant's testimony, that is, that she went willingly, but rejected the claim that she had agreed to have sex with him for a fee, but the taking of the gun did in fact occur. The jury is authorized to consider the entire evidence and to rely upon the incriminating testimony while rejecting other portions which the jury considers to be exculpatory. See *Hearn v. State,* 145 Ga. App. 469 (1) (243 SE2d 728); *Shaw v. State,* 156 Ga. App. 73 (1) (274 SE2d 27). After the verdict every presumption should be resolved in favor of the state where there is a conviction. See *Beard v. State,* 151 Ga. App. 724 (1) (261 SE2d 403); *Saunders v. State,* 145 Ga. App. 248, 250-251 (5) (243 SE2d 668); *Hendrix v. State,* 153 Ga. App. 791, 793 (266 SE2d 568); *Wynn v. State,* 152 Ga. App. 479, 480 (1) (263 SE2d 258). The credibility of the witnesses is entirely in the province of the trier of fact, and the jury apparently believed the versions of the state's witnesses with reference to the offenses of rape and robbery and was unimpressed with the defendant's version of what transpired although finding him not guilty of kidnapping and aggravated sodomy. See in this connection *Redd v. State,* 154 Ga. App. 373 (1) (268 SE2d 423); *Brown v. State,* 150 Ga. App. 831 (1) (258 SE2d 641).

The evidence in the case sub judice was more than sufficient for a rational trier of fact to have found the defendant guilty beyond a reasonable doubt of the offenses of rape and robbery. *Green v. State,* 152 Ga. App. 387, 388 (2) (262 SE2d 639); *Kimbro v. State,* 152 Ga. App. 893 (264 SE2d 327); *Heard v. State,* 153 Ga. App. 474 (265 SE2d 828); *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); *Prather v. State,* 247 Ga. 789, 790 (279 SE2d 697). The trial court did not err in denying the motion for new trial based on the general grounds.

2. The trial court did not err in refusing to grant a mistrial based upon alleged inflammatory, prejudicial and prosecutorial misconduct of the assistant district attorney made in the presence of the jury when an objection was made to the cross-examination of the prosecutrix with reference to whether she engaged in intercourse and counsel for the state stated "she is not saying she engaged in intercourse; she was raped, R-A-P-E-D." Defendant's counsel did not make a motion for mistrial at that time, but the trial court immediately reprimanded both counsel, stating that "both of you know you are not supposed to express any personal opinion of what happened. You are supposed to ask questions. When you get to the end of the trial, you will have a chance to make your speech. But you are not conducting this trial properly. Get back and ask one question at a time. Don't get to a narrative, just ask questions." If the statement by the assistant district attorney in making an objection was prejudicial, under Code § 81-1009, "it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impressions from their minds; or, in his discretion, he may order a mistrial . . ." The motion for mistrial was made the next day and same was denied. If the relief granted was not sufficient, it was the obligation of counsel for defendant to promptly ask for additional relief. The court had already reprimanded both counsel for their actions during the trial although no needful and proper instructions were made to the jury. See in this connection *Watts v. State,* 155 Ga. App. 376 (271 SE2d 29); *Ewald v. State,* 156 Ga. App. 68, 70 (5) (274 SE2d 31); *Whitaker v. State,* 246 Ga. 163, 167 (11) (269 SE2d 436); *Johnson v. State,* 142 Ga. App. 526, 527 (1) (236 SE2d 493); *High v. State,* 153 Ga. App. 729, 731 (2) (266 SE2d 364); *Young v. State,* 149 Ga. App. 533, 534 (4) (254 SE2d 749). At the time the motion for mistrial was overruled, no further curative instructions were requested. There is no merit in this complaint.

3. Immediately after the above motion defendant's counsel also moved for mistrial based upon the contention that the defendant was seen by the jurors in the jury room when he was being brought to the

courtroom in handcuffs. The trial court did not err in failing to grant a mistrial on this ground which was denied after hearing evidence with reference as to how the defendant was allegedly seen by some jurors as he was passing the jury room. The fact that a defendant, while outside the courtroom is by chance seen in handcuffs by one or more of the jurors does not automatically require the grant of a mistrial. See *Gates v. State,* 244 Ga. 587, 593 (261 SE2d 349); *Morris v. State,* 228 Ga. 39, 40 (18), 51 (184 SE2d 82); *Brand v. Wofford,* 230 Ga. 750, 752 (6) (199 SE2d 231); *Starr v. State,* 209 Ga. 258, 259-260 (5) (71 SE2d 654). Moreover, our review of the transcript disclosed that after the jury rendered its verdict and the poll of the jury the following transpired: "The Court: Ladies and gentlemen of the jury, at the request of defense counsel, did any of you see the defendant being brought into the courtroom or in the courtroom in handcuffs? If you did, please hold up your hands. A juror: What if we saw him leave? Yesterday, I was outside, and I saw him go across the courthouse. Mr. Parker [assistant district attorney]: Your honor, may we inquire, then, of the jury as a whole and the specific juror in question whether or not that had any effect on the verdict. The Court: Ladies and gentlemen, did the fact that one of the jurors saw the defendant being led from the courthouse in the parking lot in handcuffs, if she told you about that, did that influence any of your verdicts? Did it cause any of you to be less than fair and impartial jurors? [No response by the jurors is indicated in the transcript]. Madam, [the juror who spoke up] did the fact that you saw him being taken by the sheriff back to the court in handcuffs, did that affect your verdict? The [one] Juror: No." The transcript fails to disclose that any other juror or jurors saw the defendant in handcuffs and the one juror, who spoke up, saw the defendant outside the courtroom and courthouse. The trial court did not abuse its discretion in denying the motion for mistrial.

4. During the cross-examination of a police officer investigating the crime with reference to a person who had been married to the defendant, the officer testified in response to a question as to what she had learned from this person. The officer testified this person told her "that she had corresponded with him [defendant] previous to that time for four years while he was in prison," and as to other matters with reference to their relationship. The defense sought no relief and made no motion for mistrial; caused this testimony to be given and even sought it, hence there is no merit. See *Eiland v. State,* 246 Ga. 112, 116-117 (3) (268 SE2d 922); *Cole v. State,* 156 Ga. App. 6, 7 (2) (274 SE2d 64).

5. The defendant enumerates as error the failure of the trial court to charge theft by taking upon written request of the defendant. The defendant was not charged with a forcible taking (robbery) of the

automobile and the purse but with the forcible taking (robbery) of the .38 caliber pistol. Having denied that he robbed the victim there was no evidence of a taking under lesser circumstances than those described by the victim. See *Jacobs v. State,* 137 Ga. App. 592, 594-595 (4) (224 SE2d 462); *Mafnas v. State,* 149 Ga. App. 286, 289 (5) (254 SE2d 409); *Ewald v. State,* 156 Ga. App. 68, 70-71 (6), supra. The request was not to give the lesser included offense of theft by taking as defined in Code Ann. § 26-1802 (Ga. L. 1978, pp. 2257, 2258) but rather a charge as to the penalty for theft by taking as was provided in Code Ann. § 26-1812 (a) (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842; 1978, pp. 1457, 1458) at the time of the offense and also the trial. See *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354). We find no merit in this complaint.

6. The court charged the jury "that in every criminal prosecution, criminal intent is an essential ingredient, and I charge you that every person is presumed to be of sound mind and discretion, but this presumption may be rebutted. I charge you that you may infer that the acts of a person of sound mind and discretion are the product of his will and you may infer that a person of sound mind and discretion intends the natural and probable consequences of his acts. Now whether or not you make any such inference is a matter solely within the discretion of the jury. I charge you that intent is an essential element of any crime and must be proved by the state beyond a reasonable doubt. I charge you that a person will not be presumed to act with criminal intent, but the trier of facts may find such intention or the absence thereof upon the consideration of the words, conduct, demeanor, motive and other circumstances connected with the act or acts for which the accused is being tried." As held by the Supreme Court of Georgia in *Skrine v. State,* 244 Ga. 520 (260 SE2d 900), the trial court here only charged a permissive presumption which is not inherently unconstitutional. See *Tucker v. State,* 245 Ga. 68, 71 (263 SE2d 439); *Franklin v. State,* 245 Ga. 141, 154 (263 SE2d 666); *Blair v. State,* 245 Ga. 611, 616 (266 SE2d 214); *Adams v. State,* 246 Ga. 119, 122 (269 SE2d 11); *Bridges v. State,* 246 Ga. 323, 324 (271 SE2d 471). See also *Moses v. State,* 245 Ga. 180, 182 (263 SE2d 916); *Phelps v. State,* 245 Ga. 338, 339 (265 SE2d 53); *Robinson v. State,* 246 Ga. 469, 470 (4) (271 SE2d 786); *Mullins v. State,* 157 Ga. App. 204, 208 (276 SE2d 877). There is no merit in the complaint here that the charge on intent was burden shifting.

*Judgment affirmed. Quillian, C. J., and Pope J., concur.*

DECIDED OCTOBER 7, 1981 —

*Louise T. Hornsby,* for appellant.

Melvin E. Jones, *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Russell J. Parker, Assistant District Attorneys,* for appellee.