## 63482. VOLITON v. PIGGLY WIGGLY.

Banke, Judge.

This is an appeal by the plaintiff from a grant of summary judgment to the defendant in a malicious prosecution action. The plaintiff was arrested for issuing a bad check.

The following material facts are undisputed. The plaintiff had for several years maintained an individual checking account with the Georgia Railroad Bank & Trust Company. On June 2, 1980, she opened a new account there jointly with her husband, and on June 23, 1980, the individual account was closed. On August 2, 1980, through inadvertance, she signed a blank check on the closed account, intending to draw on the new account, and gave it to her granddaughter for use in purchasing groceries at the defendant's grocery store. The defendant accepted the check, as filled in by the granddaughter, and the bank returned it soon thereafter marked "ACCOUNT CLOSED." On August 20, 1980, the defendant took out a warrant for the plaintiff's arrest on the charge of issuing a bad check, making no prior attempt to contact her about the matter or to otherwise verify the existence of criminal intent on her part. The day after her arrest, the plaintiff went to the store and attempted to pay the indebtedness but was told by an agent of the defendant that the matter would have to be handled through the court. The criminal case was later called for trial; and after a jury had been impaneled and sworn, the charge was dismissed on motion of the prosecution.

It is not disputed, for purposes of this appeal, that the plaintiff acted out of mistake and inadvertence in signing the check on the closed account and that she was consequently innocent of the criminal charge. The trial court ruled, however, that under Code Ann. § 26-1704 (a) (1), the return of the check marked "ACCOUNT CLOSED" conclusively established probable cause to believe that she had committed a crime and that the defendant was thus insulated from liability. The plaintiff contends that the existence of probable cause is a jury issue and that even if probable cause for her arrest existed at the time the warrant was issued, the defendant may nevertheless be held liable for failing to take any action to have the prosecution discontinued upon learning the true facts. *Held:*

"A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action." Code § 105-801. "Probable cause is that apparent state of facts existing after reasonable and proper inquiry; the prosecutor is under a duty of caution and avoidance of haste." *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205, 207 (163 SE2d 256) (1968). "While a prosecutor

need not be fully satisfied of the truth of the charge that he makes in his affidavit, and is not required to have a sufficient statement of fact to guarantee a conviction, nevertheless, where slight diligence would have brought to his attention facts which would have shown conclusively that there could be no conviction, whether or not he is guilty of malicious prosecution is a question of fact to be determined by the jury." *Auld v. Colonial Stores,* 76 Ga. App. 329 (3) (c) (45 SE2d 827) (1947).

We cannot accept the defendant's contention that it is immune from liability under Code Ann. § 26-1704 (a) (1). That statute provides, in pertinent part, as follows: "(a) A person commits criminal issuance of a bad check when he makes, draws, utters, or delivers a check, draft, or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee. For the purpose of this section, *it is prima facie evidence that the accused knew that the instrument would not be honored, if: (1) The accused had no account with the drawee at the time instrument was made, drawn, uttered, or delivered. . .*" (Emphasis supplied.) This language is clearly inapplicable to the circumstances of this case because it is undisputed that the plaintiff in fact had a checking account with the drawee bank at the time the check was made and delivered, although it was not the account the check was drawn on. It is a fundamental rule, of course, that criminal statutes shall be construed strictly in favor of the accused. See, e.g., *Carsello v. State,* 220 Ga. 90, 94 (137 SE2d 305) (1964); *Gee v. State,* 225 Ga. 669, 676 (171 SE2d 291) (1969); *Knight v. State,* 243 Ga. 770, 775 (257 SE2d 182) (1979). The case cited by the defendant, *Sykes v. South Side Atlanta Bank,* 53 Ga. App. 450 (186 SE 464) (1936), involved a differently worded statute and does not demand a contrary result. Furthermore, even if subsection (1) accurately described the facts of this case, there is nothing in the statute to indicate that the defendant would thereby be clothed with absolute immunity from liability for malicious prosecution. The statute provides such immunity only upon compliance with subsection (a) (2), which sets forth procedures for providing notice that the check has been dishonored and that it may be turned over to the district attorney or the solicitor for criminal prosecution if not paid within 10 days.

The question of immunity aside, it cannot be denied that the return of the plaintiff's check from the bank marked "ACCOUNT CLOSED" afforded the defendant a basis for believing that the plaintiff was guilty of issuing a bad check. The question is whether the defendant was entitled as a matter of law to act on this information alone, without allowing the plaintiff an opportunity to

explain what had happened and without otherwise expending any effort to verify that she knew the check would be dishonored. "The defendant is not necessarily required to verify his information, where it appears to be reliable; but where a reasonable man would investigate further before beginning the prosecution, he may be liable for failure to do so. All such factors as the reliability of the source, the availability of further information and the difficulty of obtaining it, the reputation of the accused, and his opportunity to offer an explanation, and the apparent necessity of prompt action, are to be considered in determining whether it was reasonable to act without verification." *Melton v. LaCalamito,* 158 Ga. App. 820, 824 (282 SE2d 393) (1981), quoting Prosser, Law of Torts, § 119 at 842 (4th Ed. 1971).

The facts of record in this case indicate that the plaintiff is a thoroughly law-abiding, 65-year-old citizen whom the defendant was not prevented from contacting prior to initiating the prosecution. We cannot conclude as a matter of law, based on this record, that, the defendant acted reasonably or that it is not liable for damages for malicious prosecution. Accord *Bi-Lo, Inc. v. Stanciel,* 148 Ga. App. 614 (1) (251 SE2d 834) (1979). Furthermore, issues of fact remain as to whether the defendant acted maliciously in failing to request that the prosecution be terminated after learning what had actually happened.

"On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. *Colonial Stores v. Turner,* 117 Ga. App. 331 (160 SE2d 672)." *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). See also *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971); *Combs v. Adair Mortgage Co.,* 245 Ga. 296 (264 SE2d 226) (1980); *Sanfrantello v. Sears, Roebuck & Co.,* supra, at 206. The defendant having failed to establish the non-existence of any genuine issue of material fact in the case, the grant of summary judgment in its favor is reversed.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 12, 1982 —
REHEARING DENIED MARCH 25, 1982 — 

*Lansing B. Lee III, Jay M. Sawilowsky,* for appellant.

*Gould B. Hagler, Duncan D. Wheale,* for appellee.