## 63350. WALLS v. THE STATE.

BIRDSONG, Judge.

Aggravated assault. James Walls was employed by Clements Lumber Company. He became embroiled in a disagreement as to wages due. Late on a Sunday evening, while the plant was closed,

Walls and his two sons (and once with a son and his wife) went twice to the grounds of the lumber company and placed locks and chains on two of the three gates leading to the business yards and placed a large piece of equipment in the third gate. Walls' purpose was to stop all logging trucks and other business from entering or leaving the yard until after the owner had settled the salary dispute. While Walls and his two sons were at the yard, members of the family which owned the lumber company came by the yard and saw Walls parked on the grounds. They stopped and inquired what the problem might be. Walls indicated the dispute and told the family members that he was "on strike" and would not leave or allow any traffic into or out of the yard until the salary matter was settled. He was first encouraged and then asked to leave and come back the next day and talk with the managing owners to settle the dispute. Walls had a pistol, a rifle and a shotgun which he asserted he would use if necessary to shoot out the tires of any truck attempting to enter or leave the lumberyard. One of the family members then called their father, Mr. Clements, who apparently was the principal decision maker concerning the family business. Mr. Clements instructed his daughter to order Walls to leave and if that was refused, to have him arrested for criminal trespass. A deputy sheriff was called. When the sheriff arrived, he determined that all three gates were blocked and that Walls did not intend to allow any entry into the Clements lumberyard. He instructed Walls to leave and when Walls refused, he put his hand on Walls' arm and told him he (Walls) was under arrest for trespass, and would have to come with him (the sheriff). Walls then lifted up the shotgun and pointed it directly at the sheriff's chest and again declined to leave. After a brief struggle during which one of Walls' sons fired the rifle into the air, the struggle for the shotgun ceased. Backup help was called, and Walls and his sons surrendered without further resistance. Walls was charged with aggravated assault upon a police officer in the execution of his office and obstruction of an officer. The trial court inadvertently failed to instruct upon the elements of aggravated assault upon an officer acting in the exercise of his duties or that appellant had such knowledge, limiting his charge solely to the offense of aggravated assault. The jury returned a verdict of guilty as charged. The trial court subsequently recognized his omission and reduced the verdict of the jury to aggravated assault and sentenced Walls for that offense (as well as the undisputed conviction of obstruction of an officer). Walls was sentenced to five years with thirty months to serve. He brings this appeal enumerating six alleged errors. *Held:*

1. In his first three enumerations of error, appellant argues that the trial court erred in denying his motion for a directed verdict of

acquittal. The only real basis for this enumeration is that the arresting officer had no valid reason to arrest Walls and thus because the arrest was illegal, Walls had the right to use reasonable force to resist the assault committed by the officer upon the person of Walls.

The offense of criminal trespass is committed when, inter alia, a person knowingly and maliciously interferes with another's possession and use of his property without the owner's consent or enters upon the property of another with an unlawful intent, or remains upon the property of another after receiving notice from the owner to depart. Code Ann. § 26-1503.

This arrest was without a warrant, but under the facts of this case, we are satisfied that the deputy sheriff was aware that Walls had entered upon the property of the Clements Lumber Company for a purpose for which he had no permission, had padlocked the gates in order to stop any business from being transacted the next day and had refused to leave the premises when asked to do so. Under these circumstances, we have no hesitancy (nor did the trial court) in concluding that the offense of criminal trespass was being committed in the presence of the officer. Thus, the officer had probable cause to arrest appellant for the commission of a crime in his presence. Code Ann. § 27-207; *Barnwell v. State,* 127 Ga. App. 335 (1) (193 SE2d 203).

Inasmuch as the arrest was lawful, appellant was not justified in pointing a loaded shotgun at the arresting officer nor in resisting the officer in the exercise of his duties.

In reviewing the overruling of a motion for a directed verdict of acquittal, the issue to be examined by the appellate court is whether there is any conflict in the evidence and if not, does the available evidence demand a verdict of acquittal? If there is evidence sufficient to make out a prima facie case, it is not error to deny the motion. *Phillips v. State,* 238 Ga. 632, 633 (235 SE2d 12). In making this examination, the entire evidence is to be examined and the fact that the evidence at the close of the state's case may have been insufficient to convict is not controlling so long as all the evidence justifies the conviction under the appropriate standard. *Hearn v. State,* 145 Ga. App. 469, 470 (243 SE2d 728). We find no error in the trial court's denial of the motions for directed verdict of acquittal.

2. In his fourth enumeration of error, Walls contends the trial court erred in restricting his right to cross-examine one of the state's witnesses. This witness was the defendant's son. A question arose as to when appellant put the three weapons in the car. In rebuttal, the son was called by the state to testify as to when the guns were placed in the car and by whom. This was the only evidence elicited. On cross-examination, appellant's counsel sought to inquire into what had transpired at the lumberyard. Upon objection that the cross-

examination exceeded the scope of the direct, the trial court limited the cross-examination.

It was apparent that appellant was not seeking to inquire into the son's knowledge concerning the guns or to impeach him as a state's witness. While the defendant is entitled to a sweeping and searching cross-examination, we hesitate to be critical of the trial court's exercise of discretion in limiting the scope thereof where the cross-examination was not within the traditional scope of such examination (see *Kessel v. State,* 236 Ga. 373, 375 (223 SE2d 811)), that is to inquire into the basis for the witness' knowledge or to show bias or otherwise diminish the value of the witness' direct examination. Appellant was not denied the right to call the witness as his own. Assuming arguendo that the court improperly limited the scope of cross-examination of this witness, there was no showing what the examiner intended to show by the examination or how appellant had been harmed. Under such circumstances, we must conclude, even assuming such error, that it was highly improbable such error contributed to the conviction or otherwise harmed the appellant. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). We find no merit in the enumeration.

3. In his last two enumerations of error, appellant complains that the trial court erred in its instructions by failing to inform the jury of two essential elements of aggravated assault upon a police officer in the execution of his office and thereafter attempting to correct the admitted error by reducing the verdict to aggravated assault and imposing sentence as to that offense rather than the offense originally charged.

A similar situation arose in *Bundren v. State,* 247 Ga. 180, 182 (274 SE2d 455). Likewise, in that case, the trial court did not charge on an essential element of the crime, i. e., knowledge by the defendant that the officer was an officer in the execution of his duties. The Supreme Court in that case offered two alternatives. If the government desired to pursue a conviction for the greater offense, a new trial was necessary. However, if the state was satisfied with the lesser offense of aggravated assault, then the trial court could sentence for the lesser offense. Such was the decision in the present case. The trial court elected without objection by the state to allow the lesser offense to stand and imposed sentence on the basis of the lesser offense. The evidence fully supported either the greater or the lesser offense. We conclude therefore that appellant has not been harmed by the erroneous charge in view of the trial court's reduction of the offense and sentence to the lesser charge as authorized by the Supreme Court in *Bundren,* supra.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MARCH 12, 1982.

*W. Edward Meeks, Jr.,* for appellant.
*Gary Christy, District Attorney,* for appellee.