## 75082. GRIFFIN v. GEORGIA POWER COMPANY et al.

### (367 SE2d 832)

CARLEY, Judge.

The facts, insofar as they are relevant to this appeal, are as follows: Appellee-defendant Roy L. Minter, acting on behalf of his employer, appellee-defendant Georgia Power Company, swore out a warrant for the arrest of appellant-plaintiff on a charge of theft of electrical services. Appellant was thereafter prosecuted on this criminal charge. At the trial of the criminal action, appellant moved for a directed verdict of acquittal at the close of the State's evidence. The undisputed evidence of record is that this motion was denied, the only contention to the contrary being based upon material which is dehors the record. Likewise, the undisputed evidence of record is that appellant's renewed motion for a directed verdict of acquittal, which he made at the close of all of the evidence, was granted. The criminal prosecution having thus been terminated in his favor, appellant subsequently instituted this malicious prosecution action against appellees. Appellees moved for summary judgment and the trial court granted their motion. Appellant appeals from the order granting summary judgment in favor of appellees.

1. "The overriding question in actions for malicious prosecution is not whether the plaintiff was guilty [of the criminal offense], but whether the defendant had reasonable cause to so believe — whether the circumstances were such as to create in the mind a reasonable belief that there was probable cause for the prosecution. . . . This burden is not carried in any reasonable sense unless the plaintiff [can show] that under the facts as they appeared to the prosecutor at the time of the prosecution, that the defendant could have had no reasonable grounds for believing the plaintiff to be guilty of the charge brought. [Cit.]" *Fisher v. Ky. Fried Chicken*, 175 Ga. App. 542, 545 (333 SE2d 877) (1985). As noted, the undisputed evidence of record is that, in the underlying prosecution for theft of electrical services, the trial court denied appellant's motion for a directed verdict of acquittal made at the close of the State's case. In *Monroe v. Sigler*, 256 Ga. 759, 760-761 (4, 6) (353 SE2d 23) (1987) our Supreme Court held: "Having heard all the evidence that the [State] had to present, the trial court was called upon to examine the sufficiency of the evidence to sustain a conviction. In denying the motion, the court found the evidence sufficient to authorize a jury to determine guilt beyond a reasonable doubt. That quantum of evidence is substantially greater than mere probable cause. Such being the case, does the trial court's denial of a motion for a directed verdict of acquittal constitute a binding determination of the existence of probable cause? We answer in the affirmative. . . . When the trial judge, having heard all of the [S]tate's evidence, considers a motion on behalf of an accused (the

accused being present and given an opportunity to be heard in support of the motion); and when the trial judge rules that the evidence is sufficient *as a matter of law* to support a conviction (that is, is sufficient to enable a rational trier of fact to find each and every element of the guilt of the accused beyond a reasonable doubt), we can see no reason why such a holding — unreversed and in the absence of fraud or corruption — should not suffice as to the existence of probable cause. [Cits.]" (Emphasis in original.)

Accordingly, if *Monroe v. Sigler*, supra, is controlling authority, the probable cause for appellant's criminal prosecution has been established by the denial of his motion for a directed verdict of acquittal which he made at the close of the State's evidence. *Monroe v. Sigler*, supra, certainly is factually distinguishable. In that case, only one motion for a directed verdict of acquittal was made and, as the result of its denial, it was the jury that made the ultimate determination of whether the evidence authorized a criminal conviction. Here, two motions for a directed verdict of acquittal were made and, as the result of the grant of the second motion, it was the trial court that made the ultimate determination of whether the evidence was sufficient to authorize appellant's conviction. Accordingly, the issue to be resolved is whether this factual distinction is sufficient to remove the present case from the ambit of the holding of *Monroe v. Sigler*, supra.

Notwithstanding the noted factual differences, it is undisputed that here, as in *Monroe v. Sigler*, supra, a motion for a directed verdict of acquittal was made and *denied at the close of the State's evidence*. A *trial court* cannot choose to deny a meritorious motion for a directed verdict of acquittal made at the close of the State's case. "[I]t constitutes reversible error for the trial court to refuse to direct a verdict of acquittal where there is absolutely no conflict in the evidence and the verdict of acquittal is demanded as a matter of law. [Cit.]" *Bethay v. State*, 235 Ga. 371, 373-374 (1) (219 SE2d 743) (1975). See also *Bethay v. State*, supra and *Walls v. State*, 161 Ga. App. 625, 626 (1) (288 SE2d 769) (1982), holding that an *appellate court* will consider all of the evidence, including that introduced by the defendant, in determining whether the denial of a motion for a directed verdict of acquittal at the close of the State's evidence was error.

Accordingly, the unreversed *denial* of appellant's motion for a directed verdict of acquittal *at the close of the State's evidence* establishes that the facts, as they *then* appeared, were "sufficient to authorize a jury to determine guilt beyond a reasonable doubt. That quantum of evidence is substantially greater than mere probable cause. . . . [Thus,] the trial court's denial of a motion for a directed verdict of acquittal constitute[s] a binding determination of the existence of probable cause. . . ." *Monroe v. Sigler*, supra at 760-761 (4).

That the criminal defendant may *subsequently* have been acquitted — whether by grant of a motion for a directed verdict of acquittal or by the verdict of the jury — establishes only that *at the close of all of the evidence*, the facts, as they *then* appeared, were not sufficient to authorize a jury to determine guilt beyond a reasonable doubt. Since any subsequent determination as to a defendant's guilt made at the close of all of the evidence is not inconsistent with any previous determination made at the close of the State's evidence, it would necessarily follow that any finding which was implicit in the trial court's denial of appellant's initial motion for a directed verdict of acquittal would not be obviated by the trial court's grant of appellant's second motion. Implicit in the denial of appellant's initial motion for a directed verdict of acquittal was the trial court's determination of the existence of probable cause for the prosecution. *Monroe v. Sigler*, supra. This determination is unreversed and is binding. The grant of appellant's subsequent motion for a directed verdict of acquittal establishes only that the criminal prosecution terminated in his favor. "[T]he existence of probable cause has been established, during the trial of the criminal case, in such manner as to preclude [appellant's] action for malicious prosecution." *Monroe v. Sigler*, supra at 761 (7). It follows that the trial court did not err in granting appellees' motion for summary judgment.

2. Appellant's remaining contentions are moot and need not be addressed.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., and Pope, J., concur. Banke, P. J., Sognier, Benham and Beasley, JJ., dissent.*

BANKE, Presiding Judge, dissenting.

Although the Supreme Court's decision in *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23) (1987), contains language which, stripped of its context, supports the majority's holding in this case, I believe the majority's decision extends the holding in *Monroe v. Sigler* well beyond its intended parameters.

As I read *Monroe v. Sigler*, it precludes a plaintiff from pursuing an action for malicious prosecution where, during the trial of the criminal case, the trial judge made a "binding" determination on motion for directed verdict that there was sufficient evidence of guilt to warrant sending the case to the jury, i.e., to authorize a rational trier of fact to find the plaintiff guilty of the offense charged beyond a reasonable doubt. As interpreted by the majority, however, *Monroe v. Sigler* goes much further. It creates an absolute bar to an action for malicious prosecution not merely in those cases where the criminal trial judge allowed the case to go to the jury over a motion for directed verdict, but also in those cases where, after initially refusing to

direct a verdict of acquittal, the judge ultimately granted the motion.

In *Monroe v. Sigler*, only one motion for directed verdict was made, and its denial thus constituted the court's final ruling with respect to the sufficiency of the evidence. It was under those circumstances that the Supreme Court construed the denial of the motion to be a "binding determination of the existence of probable cause." Id. at 761. In the present case, the judge's initial denial of the plaintiff's motion for directed verdict at the close of the state's evidence was obviously not "binding" because it was superseded by the judge's later decision to grant the motion upon its renewal at the close of all the evidence in the criminal case.

The majority's holding in the present case not only extends the holding in *Monroe v. Sigler* well beyond its actual facts, it ignores the practical realities that often attend and influence the disposition of initial motions for directed verdict in criminal cases. For example, even where the state has failed to make out a prima facie showing of guilt, a trial judge may nevertheless legitimately choose to deny an initial motion for directed verdict made at the close of the state's evidence in order to give the defendant an opportunity to supply the missing element of proof during the presentation of his defense. See *Bethay v. State*, 235 Ga. 371 (1) (219 SE2d 743) (1975); *Hearn v. State*, 145 Ga. App. 469 (1) (243 SE2d 728) (1978). "[T]he fact that the evidence at the close of the state's case may have been insufficient to convict is not controlling so long as all the evidence justifies the conviction under the appropriate standard." *Walls v. State*, 161 Ga. App. 625, 627 (288 SE2d 769) (1982), citing *Hearn v. State*, supra.

Conversely, the state's evidence, standing alone, may be sufficient to establish a prima facie case yet be insufficient to support a conviction in the context of subsequent evidence establishing an uncontroverted defense or otherwise negating the basis for a finding that the defendant acted with criminal intent. See, e.g., *Butler v. State*, 252 Ga. 135 (311 SE2d 473) (1984) (murder conviction reversed on basis of uncontroverted evidence establishing insanity defense); *Hughes v. State*, 152 Ga. App. 80 (262 SE2d 245) (1979) (drug conviction reversed on basis of uncontradicted entrapment defense); *Wright v. State*, 121 Ga. App. 21 (172 SE2d 457) (1970) (larceny conviction reversed on basis of defendant's testimony satisfactorily explaining his possession of stolen property in manner consistent with state's evidence); *Gilbert v. State*, 94 Ga. App. 217 (94 SE2d 109) (1956) (homicide conviction reversed based on defense testimony establishing justification).

Clearly, the state's ability to produce evidence which, considered in isolation, is sufficient to establish a prima facie case is not always dispositive of the issue of whether the evidence as a whole was sufficient to support a conviction. Similarly, the state's ability to establish

a prima facie case should not always be treated as dispositive of the issue of whether the criminal prosecution was supported by probable cause. Such a determination should be made on the basis of all the evidence, not just the evidence favorable to the prosecution.

This is not a novel concept. We have previously held that "[w]hile a prosecutor need not be fully satisfied of the truth of the charge that he makes in his affidavit, and is not required to have a sufficient statement of fact to guarantee a conviction, nevertheless, where slight diligence would have brought to his attention facts which would have shown conclusively that there could be no conviction, whether or not he is guilty of malicious prosecution is a question of fact to be determined by the jury." *Auld v. Colonial Stores*, 76 Ga. App. 329 (3) (c) (45 SE2d 827) (1947). Similarly, we have held that liability for malicious prosecution may attach although the initiation of the criminal prosecution was justified by the circumstances then known to the prosecutor, where, upon later being apprised of facts establishing the accused's innocence, the prosecutor failed to request that the prosecution be terminated. See *Voliton v. Piggly Wiggly*, 161 Ga. App. 813, 815 (288 SE2d 924) (1982).

Because I do not believe that the Supreme Court's decision in *Monroe v. Sigler*, supra, operates to defeat the appellant's claim in the present case, I respectfully dissent from the majority opinion.

I am authorized to state that Judge Sognier, Judge Benham, and Judge Beasley join in this dissent.

DECIDED MARCH 11, 1988 —
REHEARING DENIED MARCH 29, 1988 — 

*Frank J. Beltran, Patrick M. Anagnostakis, Manley F. Brown, Audrey P. Biloon*, for appellant.

*H. Jerome Strickland, Craig N. Cowart*, for appellees.