A89A1121. REEVES v. THE STATE.
(383 SE2d 613)

BANKE, Presiding Judge.

The appellant was convicted of trafficking in cocaine based on evidence that 82.4 grams of cocaine had been seized from his person after he responded to a telephone request by an informant to bring three ounces of an unidentified substance to a certain motel room. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial court erred in charging the jury as follows: "I charge you that it would be proper for you to consider the contents of tape-recorded telephone conversations only if you find that either party to the conversation consented to its being recorded, and that the conversation was directly in furtherance of a crime." While acknowledging that this charge embodied a correct statement of the law as set forth in OCGA §§ 16-11-66 and 16-11-67,

the appellant maintains that since the tape recorded conversations at issue were admitted into evidence without objection, the charge necessarily implied to the jury that he must, in fact, have committed the crime for which he was on trial, or else the conversations would not have been admitted for their consideration. We disagree that the charge was reasonably subject to such an interpretation and conclude that, if anything, it was beneficial to the appellant in that it would have authorized the jury to disregard inculpatory evidence the validity of which was not in dispute.

2. The appellant contends that the trial court erred in sustaining the state's objection to the following statement made by his trial counsel during closing argument: "And when [the informant] called [the appellant] on the phone, he asks him . . . , 'You still got my girl over there?' . . . And I submit to you what [the informant] was saying . . . is, 'You still got my cocaine over there?' " The state's attorney objected on the ground that "there's no evidence whatsoever to that." The trial court sustained the state's objection based on a determination that the evidence provided no "reasonable" basis for an inference that the informant had used the word "girl" as a code word for cocaine.

Generally speaking, "[t]he fact that a deduction may be illogical, unreasonable or even absurd, is a matter for reply by adverse counsel and not rebuke by the court. [Cit.]" *Cooper v. State*, 178 Ga. App. 709, 712 (345 SE2d 606) (1986). Accord *Sharp v. State*, 153 Ga. App. 486 (265 SE2d 837) (1980). " 'What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence.' [Cit.]" *Conner v. State*, 251 Ga. 113, 123 (303 SE2d 266) (1983). As the argument in question did not tend to interject an extrinsic and prejudicial matter into the case, we are inclined to agree with the appellant that the state's objection should not have been sustained. However, we hold that any error which may have resulted from the court's ruling was harmless to the appellant under the circumstances. The purpose of the disallowed argument was evidently to convince the jury that the 82.4 grams of cocaine which had been seized from the appellant's person at the time of his arrest did not belong to him but to the informant, to whom he was delivering it. The issue of who owned the cocaine was, however, irrelevant to the issues being tried. The offense of trafficking in cocaine is committed by "[a]ny person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine. . . ." OCGA § 16-13-31 (a) (1). As ownership of the contraband is not an element of the offense, the trial court's refusal to permit the argument in question could not have harmed the appellant.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

14

Reginald L. Bellury, for appellant.
Joseph H. Briley, District Attorney, Al Martinez, Assistant District Attorney, for appellee.