### A92A1113. YEBRA v. THE STATE.
(424 SE2d 318)

COOPER, Judge.

Appellant challenges his conviction for child molestation on several grounds.

The victim, the twelve-year-old daughter of the woman appellant had lived with for two years, testified that one day while her mother was at work appellant fondled and sucked on her breasts and licked and inserted his finger into her vagina. Immediately after the second incident of this nature, the victim went to a friend's house and told her friend and her friend's mother what had happened. The friend's mother noticed a bruised area on the victim's breast and called the county sheriff's department. The responding officer took the victim to the hospital, where a nurse also noticed the bruise on her breast and a doctor noted a redness in her vaginal area. When the responding officer and another officer went to arrest appellant, they found him with his bags packed, and although the victim's mother denied it at trial, the officer testified that she said at the time of the arrest that appellant was getting ready to leave town. Appellant testified and denied having any sexual contact with the victim, and presented evidence indicating that the victim was having emotional problems at the time

of the alleged incident. Appellant also introduced evidence that the victim had accused several other males of sexual misconduct toward her on several other occasions.

1. Appellant first contends that the victim's testimony must be disregarded because she lied under oath, and that without her testimony the evidence against him is insufficient to support the verdict. OCGA § 24-9-85 (b) provides that "[i]f a witness shall willfully and knowingly swear falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." Outside the presence of the jury but under oath, the victim was asked about three separate occasions on which she allegedly accused three different males of engaging in improper sexual conduct toward her. She denied making any of the accusations. The victim's mother then testified, still outside the presence of the jury, that the victim had made such accusations on three prior occasions and that one of the accusations was made to a caseworker from the Department of Family & Children's Services ("DFACS"). At that time, the trial court determined that the daughter was at least as credible as the mother and ruled that evidence of the previous accusations would not be admitted because appellant had not shown a reasonable probability that prior false accusations had been made. See *Smith v. State*, 259 Ga. 135, 136 (1) (377 SE2d 158) (1989). After a recess, however, a DFACS document confirming the mother's testimony with respect to at least one of the prior accusations was produced; and the trial court reversed its earlier ruling, allowing in evidence all the prior allegations. Confronted with the DFACS report of her previous accusation, the victim said she did not remember the earlier incident.

" 'In order to make [OCGA § 24-9-85 (b)] applicable "it must appear, among other things, that the witness admits, on the trial, that he wilfully and knowingly swore falsely, or the testimony must be such as to render the purpose to falsify manifest." [Cit.]' " *Warnock v. State*, 195 Ga. App. 537, 538 (1) (394 SE2d 382) (1990). Furthermore, " ' "[t]he rule [that testimony of a falsely swearing witness should be entirely disregarded] does not extend to situations where it is shown to be reasonably possible that the discrepancy was occasioned by 'mistake or the failure of memory.' " (Cit.)' [Cit.]" *Abrams v. State*, 157 Ga. App. 609, 610 (1) (278 SE2d 37) (1981); see also *Williams v. State*, 195 Ga. App. 376 (1) (393 SE2d 506) (1990). Because at the time of trial approximately five years had elapsed since the time of the earlier accusation to DFACS, it is plausible that the victim, who had been only eight or nine years old at the time of the accusation to DFACS, did not remember the earlier incident. Moreover, the victim's testimony was corroborated by the testimony of others regarding the bruise on her breast and the redness in her vaginal area, as well as appellant's apparent intention to flee. Thus,

OCGA § 24-9-85 (b) did not require that her testimony be entirely disregarded. Viewing all the evidence, including the victim's testimony, in the light most favorable to the verdict, it was sufficient to support the jury's conclusion beyond a reasonable doubt that appellant was guilty of child molestation. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, appellant argues that the trial court improperly restricted the scope of his cross-examination of the victim. Using a diary the victim kept during the period of the molestation, appellant's counsel successfully impeached the victim on a number of points. In particular, he was able to force the victim to admit that she skipped school and lied to her mother about it, and that she thought lying to her mother was "pretty funny." He then asked the victim, "What else have you lied to your mother about?" The State objected, and the objection was sustained. This exchange occurred before the DFACS report confirming the mother's testimony about prior allegations was produced and before the court decided to allow testimony regarding the victim's prior allegations of sexual misconduct. After the court ruled the testimony about allegations made by the victim to her mother and others admissible, appellant was permitted to recall the victim for additional cross-examination and was able to thoroughly explore what the victim told her mother about what other males had done to her. Appellant makes no showing of any other incidents of lying he wished to bring out but could not, or of how he was harmed. See *Walls v. State*, 161 Ga. App. 625 (2) (288 SE2d 769) (1982). Under these circumstances, we hold that any restriction of appellant's first cross-examination of the victim was cured and rendered harmless by his opportunity for further cross-examination of her after the mother's testimony regarding prior accusations was confirmed.

3. Appellant also contends that the trial court erred in allowing the State to ask the victim's mother whether she had believed her daughter's earlier allegation that she was molested by her natural father. Contrary to appellant's argument, this question did not elicit opinion evidence inadmissible under OCGA § 24-9-65 because it did not ask for the mother's opinion as to the existence of a fact but instead asked the mother whether she believed a particular thing her daughter told her at a particular time. Nor did this question constitute impermissible bolstering of the victim's credibility, because it did not solicit the mother's opinion regarding the truthfulness of the victim's testimony in this case. Compare *Guest v. State*, 201 Ga. App. 506, 507 (1) (411 SE2d 364) (1991). Thus, the trial court did not err in overruling appellant's objection to this question.

4. Appellant's contention that the trial court improperly restricted the scope of his closing argument is also without merit.

" '[T]he range of comment which is proper in a case is in the discretion of the trial judge, and unless it can be shown that such discretion has manifestly been abused and some positive injury done, we will not interfere. (Cits.)' [Cit.]" *Towns v. State*, 191 Ga. App. 229, 230 (2) (381 SE2d 405) (1989). Here, the trial court sustained the State's objection to the following argument by appellant's attorney: "Being accused of something like this is terrible. How do you think Clarence Thomas felt, whether or not he did it? How do you think Mr. Kennedy felt down in Florida?" How appellant or others felt about being accused of sexual offenses was irrelevant to any issue being tried. Thus, even if we were to assume the argument should have been allowed, any error which may have resulted was harmless. See *Reeves v. State*, 192 Ga. App. 12 (2) (383 SE2d 613) (1989).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 27, 1992.

*Summer & Summer, Daniel A. Summer*, for appellant.

*C. Andrew Fuller, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney*, for appellee.