## 43244. CREWS v. THE STATE.

BELL, Presiding Judge. Defendant was tried by the court without a jury and convicted under Count 2 of an accusation which charged that she "did reside in, enter and remain in a house, place and building . . . for the purpose of prostitution and assignation" in violation of Section 1 of an Act of 1943 (Ga. L. 1943, pp. 568, 569; *Code Ann.* § 26-6203). One of the witnesses, a police officer, testified that he went to a certain house, and was taken into the front bedroom and introduced to defendant. Defendant asked him what kind of time he wanted, and the witness replied that he had only $10.

Defendant told him he could get a straight date for $10. He gave her the money, and she asked him to undress. He declined to undress, she returned the money, and he left the house. He returned later, again offered her the money, and when she accepted it, placed her under arrest.

1. The court's finding that defendant was guilty under Count 2 of the accusation was authorized by the evidence. The gist of the offense under that portion of the Act on which Count 2 rested is the mere presence within the structure for the purpose of prostitution or assignation. Testimony as to the transactions between defendant and the witness was sufficient to prove that purpose. It was not necessary that the State further prove the purpose was accomplished by showing the commission of an act of fornication or adultery.

2. There was no error in the finding shown by the following comment of the court: "I am going to find her guilty, Mr. Sullivan, I have some reservations. . ." The remark does not reveal that the court found defendant guilty although it had a reasonable doubt as to the fact of defendant's guilt. Other colloquy shows that the court's reservations involved merely the question whether it was necessary for the State to prove that defendant had a present and unconditional intent to commit an act of fornication and that the court resolved this issue of law against defendant.

3. The court did not err in admitting testimony of a police officer as to an inculpatory admission by defendant after she was taken into custody. The only objection voiced to this testimony was: "Objection . . . there is no evidence to show that he was permitted to question her after the arrest." The objection was too indefinite to raise any question as to admissibility of the evidence. Defendant should have pointed out that no foundation had been laid to show that the admission was voluntarily made, and should have indicated what foundation, under the circumstances, should have been laid. *Barkley v. State,* 190 Ga. 641 (3) (10 SE2d 32) ; *James v. State,* 215 Ga. 213 (2) (109 SE2d 735) ; *Taylor v. State,* 83 Ga. App. 735, 738 (64 SE2d 598).

*Judgment affirmed. Hall and Quillian, JJ., concur.*

SUBMITTED JANUARY 4, 1968—DECIDED JANUARY 18, 1968.

*Sullivan & Herndon, John J. Sullivan,* for appellant.
*Andrew J. Ryan, Jr., Solicitor, Tom A. Edenfield,* for appellee.