## 29738. WHITEHEAD v. JOINER.

JORDAN, Justice.

Glover Whitehead, appellant here, filed a petition in the Dooly County Superior Court, in which he alleged that a deed signed by him in 1959 was procured by fraud. Appellant asked that the deed be set aside, or, in the alternative, be adjudged an equitable mortgage with redemptive rights. A jury, after hearing evidence and being charged on the relevant principles of law, returned a verdict in favor of the defendant.

1. The motion to dismiss is denied.

2. Appellant's first contention on appeal is that "the court below erred in failing to find, as a matter of law that the absolute conveyance was procured through fraud, and that the transaction came within the doctrine of equitable mortgage."

The appellee admits that when the deed was signed in 1959 he gave the appellant an option to repurchase the land by making yearly instalments over a ten year period. However, he denies that any of the instalments were paid.

The appellant contends that he never understood that the document he signed was a deed, but that he believed it to be merely a security agreement, and that it was thereby procured by fraud and should be set aside.

Appellant's contention that the deed he signed in 1959 was procured by fraud is clearly a question to be determined by a jury. The same is true as to his contention that the transaction comes within the doctrine of equitable mortgage. The facts are in conflict and the jury would have been authorized to find for either the plaintiff or defendant.

As was stated in the third headnote of *Hobbs v. Houston,* 195 Ga. 571, 572 (24 SE2d 884), "Where, as here, there has been a general verdict for the defendants, and where under the evidence the jury may have treated the transaction as either one of absolute sale with an option for repurchase, or as a conveyance to secure an indebtedness, and where under either theory the evidence is in conflict as to whether the grantor paid to the grantee the full amount required, the verdict for the defendants would be authorized. That is to say, if the jury believed it was an absolute sale but with an option to repurchase, the evidence did not demand a finding that the terms of any such option had been complied with; and if the jury believed the instrument to be only one of security the evidence did not require a finding that the debt had been extinguished."

The evidence taken in the light most favorable to the jury verdict rendered was sufficient to authorize such a finding and will not be overturned on appeal.

3. Appellant contends that the trial judge erred in admitting certain adding machine tapes, notations in the handwriting of the defendant, receipts, etc., into evidence under the Georgia Business Records Act. Code Ann. § 38-711.

Code Ann. § 38-711 provides that "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record,

including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term 'business' shall include every kind of business, profession, occupation, calling, or operation of institutions, whether carried on for profit or not. This section shall be liberally interpreted and applied."

There was evidence presented at trial that the records admitted were compiled when the parties had their yearly accounting and that they were kept in the normal course of appellee's dealings. The physical appearance of the records, and their self-serving nature are questions that go to the weight of the evidence but not to its admissibility. The trial court did not err in admitting the records.

4. Appellant did not argue or submit authority in support of his other enumerations of error and we will therefore deem them abandoned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 10, 1975 — DECIDED
MAY 20, 1975.

*Thomas M. Jackson,* for appellant.
*Davis & Gregory, Hardy Gregory,* for appellee.