## 63437. OLIVER v. THE STATE.

DEEN, Presiding Judge.

Robert L. Oliver appeals his conviction of three counts of possession of controlled substances.

1. Oliver was indicted for possession of heroin on May 30, 1980, and possession of marijuana and heroin on May 31, 1980. He filed a motion to suppress evidence on grounds that the contraband alleged to be in his possession on May 30 was illegally seized without a warrant, arrest or probable cause, and that his residence was searched on May 31 without a valid search warrant, probable cause or consent. We do not agree.

(a) The transcript of the hearing on the motion to suppress discloses the following pertinent facts. Patrolman Howard Holmes, a fourteen-year veteran of the Valdosta Police Department, received information from a confidential informant shortly before 11:00 p.m. on May 30 that Oliver was seated at a table in a bar known as Woodrow's Place with drugs in his possession. This informant had furnished information to Holmes on several previous occasions which had proved to be true. Holmes sent the informant back to the bar to make sure Oliver was still seated there with the drugs and then entered to find him seated at a table as described with his hand over a red pocket handkerchief within which were concealed two or three foil packets containing what he thought was cocaine. Holmes seized these items, got Oliver up from the table and told his partner, Officer Doris Young, to watch Oliver while he inventoried the drugs. However, Oliver "snatched away" from her and ran. She commanded Oliver to halt but he kept going and escaped. Holmes testified that he did not attempt to secure an arrest warrant because he did not believe he had time to do so at that hour of night and be able to return while Oliver was still at Woodrow's Place.

Under these circumstances, where the officer was acting on information from a reasonably trustworthy informant and found the situation to be exactly as described, there were sufficient facts from which a reasonably prudent person could conclude that an offense was being committed in his presence so as to justify the warrantless seizure and attempted arrest. See *Carroll v. State,* 142 Ga. App. 428 (1) (236 SE2d 159) (1977); *Graham v. State,* 152 Ga. App. 233 (1(a)) (262 SE2d 465) (1979); *Butler v. State,* 159 Ga. App. 895 (2) (285 SE2d 610) (1981).

(b) At the hearing, Agent Steven Wesley Owens of the Valdosta-Lowndes County Drug Squad, testified that he swore out a search warrant before a named magistrate at 11:45 a.m. on May 30. The affidavit stated that Owens had reason to believe that a quantity

of marijuana had been seen at the residence of Robert Oliver located at 506 Lamar Street by a reliable confidential informant who had personally seen the contraband within the last 48 hours and personally told Owens about it within the last 24 hours. Agent Owens also swore that his confidential informant had given him information five times previously leading to four convictions of drug violations. The magistrate determined that there was probable cause and issued the warrant. Upon investigation, Agent Owens discovered that he had been given an incorrect address for the house in question and returned to the magistrate the next day, orally requesting that he strike out the number "506" and change it to "206" on the original warrant. The search of this house produced three growing marijuana plants in pots, several packets of heroin, and a bank deposit slip and a food stamp card both bearing the name of Robert L. Oliver. Oliver was subsequently apprehended and indicted in January of 1981.

There was likewise sufficient probable cause for issuance of the search warrant. Compare *Davidson v. State,* 156 Ga. App. 457 (2) (274 SE2d 807) (1980); *McAllister v. State,* 157 Ga. App. 158 (1) (276 SE2d 669) (1981); *Shrader v. State,* 159 Ga. App. 522 (1) (284 SE2d 37) (1981). The correction of the address first issued did not invalidate the identification of the specific premises to be searched. See *State v. Sanders,* 155 Ga. App. 274 (270 SE2d 850) (1980). Moreover, the testimony of Oliver's landlady, the owner of the house, that Oliver had abandoned the premises before it was searched, indicates that he had "relinquished his interest in the property to the extent that he no longer ha[d] a reasonable expectation of privacy in the premises at the time of the search. [Cits.]" *Bloodworth v. State,* 233 Ga. 589, 590 (2) (212 SE2d 774) (1975).

2. It follows that the trial court did not abuse its discretion in denying appellant's motion for reconsideration of his motion to suppress. See *Chastain v. State,* 158 Ga. App. 654 (281 SE2d 627) (1981).

3. The state established with reasonable certainty that the evidence introduced was the same as the items seized, and that there had been no tampering or substitution. "[W]hen there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. [Cits.]" *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174) (1975); *Duckett v. State,* 158 Ga. App. 285, 286 (2) (279 SE2d 734) (1981); *Shrader v. State,* 159 Ga. App. 522 (2), supra.

4. Appellant's enumeration that the trial court erred in failing to charge the jury that neither presence, nor flight, nor both together without more, is conclusive of guilt, is without merit. The transcript discloses that this principle of law was fully and adequately explained

to the jury.

5. The evidence adduced at trial showed that Oliver had rented the house at 206 Lamar Street, had paid rent only twice, stayed there infrequently, but had the only key except for the owner. While under these facts there was no showing of equal access, the trial court did give such a charge. The contention that error was committed because the charge given was not worded as requested by appellant cannot be sustained. " 'A new trial is not required where the charge as given covers substantialy the same rules of law.' [Cit]" *Barron v. State,* 157 Ga. App. 186, 189 (4) (276 SE2d 868) (1981).

6. "Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for the trial court to refuse to direct a verdict of acquittal. [Cits.]" *Wisecup v. State,* 157 Ga. App. 853 (1) (278 SE2d 682) (1981).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 12, 1982 —
REHEARING DENIED MARCH 10, 1982 — ▓▓▓▓▓▓▓

*Reginald C. Wisenbaker,* for appellant.

*H. Lamar Cole, District Attorney, Fred R. Simpson, Assistant District Attorney,* for appellee.