## 65333. SPIVEY v. THE STATE.

SHULMAN, Chief Judge.

Appellant was indicted and convicted of possession of hydromorphone and phenmetrazine in violation of the Georgia Controlled Substances Act. He enumerates four errors in his appeal from the judgment entered on the jury's verdict.

1. In his first enumeration of error, appellant challenges the denial of his motion to suppress. He contends that the contraband discovered in a search of his automobile was the fruit of his illegal arrest and should therefore have been suppressed. See Wong Sun v. United States, 371 U.S. 471 (83 SC 407, 9 LE2d 441). However, appellant's argument ignores the fact that the illegal drugs were seized during a search which was executed pursuant to a search warrant, the validity of which is not questioned on appeal and which is not a "fruit" of appellant's alleged arrest. All the facts contained in the affidavit filed in support of the application for the search warrant had been gathered by the averring officer independent of appellant's encounter with the law enforcement officials. None of the facts contained in the affidavit had its inception in any post-detention

remarks or actions on the part of appellant. Therefore, the legality of appellant's arrest and the "fruits" doctrine have no bearing on the admission of the evidence objected to in this case.

2. Appellant's second enumeration of error challenges the trial court's refusal to permit cross-examination of an investigating officer called by the state. Appellant's counsel on cross-examination asked the officer if he was "familiar with on[e] Mitch Wilder," to which the officer replied affirmatively. The state then objected to further examination concerning Wilder, and the trial court sustained the objection. Appellant's counsel offered that "Mr. Wilder has previously been involved in drug traffic in this county, and that later on I would be linking this up with the fact that Mr. Wilder had some contact with [appellant] that evening . . . [it] being our position that any drugs that were placed in [appellant's] car were not placed there by [appellant], but by Mr. Wilder." Appellant later testified that he had known Wilder for about six months, that Wilder was in appellant's car the night before his arrest, that Wilder was riding in the backseat near the black case containing the drugs, and that he had previosly seen Wilder with "pot and cocaine."

"It is error requiring the grant of a new trial to deny a party the right to cross-examine witnesses as to vital issues concerning which they have testified on direct examination. [Cit.] However, 'the trial judge has discretion to control the scope and manner of cross-examination and this discretion will not be curtailed absent some clear abuse.' [Cits.]" *Morris v. State,* 150 Ga. App. 94, 95 (256 SE2d 674). The officer's knowledge of Wilder was clearly beyond the scope of direct examination, and we find no "clear abuse" (id.) of discretion by the trial judge in refusing further inquiry into the matter. In reaching this conclusion, we note that appellant made no proffer of the officer's testimony during his case in chief. Appellant's second enumeration is without merit.

3. Appellant's third enumeration of error asserts that the trial court erred in admitting, over appellant's chain of custody objection, the drugs taken from appellant's automobile. The state's evidence established a proper chain of custody from the officer who seized the drugs to the crime lab chemist who tested the drugs and brought them to trial. Appellant's objection that the pill bottles were at some unknown time removed from the black leather bag in which they were found in appellant's car and placed in a plastic bag does not render the evidence inadmissible. "The state established with reasonable certainty that the evidence introduced was the same as the items seized, and that there had been no tampering or substitution. '[W]hen there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight.

[Cits.]' " *Oliver v. State,* 161 Ga. App. 567 (3) (287 SE2d 698).

4. The fourth enumeration of error challenges the verdict on the general grounds. There was ample evidence from which any rational trier of fact could have found appellant guilty beyond a reasonable doubt of possession of phenmetrazine and hydromorphone. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 17, 1983.

*Jon L. Coogle,* for appellant.
*John R. Parks, District Attorney,* for appellee.