## 69626. ROBINSON v. THE STATE.
### (325 SE2d 882)

BANKE, Chief Judge.

Travis Robinson and co-defendants Tommy Lee Whitley and Thomas Wayne Moore were tried jointly and convicted of four counts of theft by deception and three counts of attempted theft by deception. On appeal, Robinson enumerates four alleged errors, including the trial court's refusal to grant his motion for a directed verdict of acquittal.

Gilman Paper Company operated a plant in Blackshear, Georgia, and purchased pulpwood from independent suppliers. Because of suspected irregularities, surveillance of the truck-weighing operation at the Blackshear facility was conducted by the Georgia Bureau of Investigation (GBI) and by the plant manager. During the course of this surveillance, it was discovered that on six different dates between November 29, 1982, and December 13, 1982, during the early morning hours, one additional "scale ticket" was received in the Gilman office in excess of the number of trucks which had actually passed over the scales. On each of these dates, co-defendant Whitley had worked as a security guard at the plant and had been responsible for operating the truck scales during the early morning hours in question. Co-defendant Moore also worked for Gilman on those same dates as a fork-lift operator responsible for unloading logs from the trucks. Because of a defect in the scales, a scale ticket could be produced by placing a ticket under the printer and depressing the weight lever to indicate a specific truck weight, without a vehicle actually driving onto the scales.

On six different occasions during the period of surveillance, scale tickets were received at the Gilman Company office in the name of a lumber dealer with whom appellant had previously made an arrangement regarding delivery to Gilman of logs to be cut from a tract of land purportedly owned by appellant's brother, Mancil. These tickets each reflected that the producer of the logs was Mancil Robinson. Appellant delivered six of these tickets to the dealer in question, who paid appellant for the timber. In accordance with its standard practice, Gilman then paid the dealer for the first four tickets. It did not pay, however, for the last two.

On December 13, 1982, the last day of the surveillance, Whitley was arrested at the plant. A scale ticket similar to the previous six was seized from his person at this time, and he made a statement to investigators admitting his involvement in the scheme. Moore was arrested later that same day. He admitted his function had been to dis-

pose of the scale ticket copy which would normally be attached to the lumber load; and, after agreeing to assist in the investigation, he was transported by a GBI agent to appellant's residence for the purpose of delivering to him a copy of the scale ticket which had been seized from Whitley's possession. He thereafter returned with $230 in cash which had not been in his possession prior to entering appellant's residence. Appellant was then arrested. Upon questioning, he admitted receiving payment from the dealer for the scale tickets, but he did not admit that the loads had not, in fact, been delivered to Gilman. For proof of this fact, the State relied upon appellant's brother, Mancil, who testified that he had retired from logging in 1981; that appellant had cut no logs from any tract of land owned by him during the period in question; and that he had received no money for any logging operations conducted on his land during that period. *Held*:

1. Viewing the entire evidence in the light most favorable to the verdict, we are satisfied that there was sufficient evidence to authorize a rational trier of fact to find the appellant guilty beyond reasonable doubt on all seven counts of the indictment. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

2. Appellant contends that the trial court erred in admitting into evidence a wood scale ticket on which the date had been altered. Several copies of this document were included in various exhibits admitted at trial. One copy bore an original stamped date of November 23; however, on the remaining copies the date had been changed to read November 29, the date charged in the first count of the indictment. Although no explanation was offered to explain this discrepancy, the evidence clearly establishes that the scale tickets were processed by Gilman in a routine manner in the ordinary course of its business. Accordingly, the trial court correctly admitted the ticket in evidence as a business record, reserving for jury determination the issues of its weight and relevance. See generally OCGA § 24-3-14; *Whitehead v. Joiner*, 234 Ga. 457 (3) (216 SE2d 317) (1975).

3. Appellant contends that the trial court erred in refusing to order a mistrial because of comments made by the State's attorney and a GBI agent who testified for the State.

At the outset of the trial, the court ruled, at the request of the defendants, that an objection raised by one of them would be construed as having been joined in by all. A motion in limine was thereafter made, requesting that the State be precluded from introducing any statement by one co-defendant which would implicate another, based on the rationale of *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), and *Roberts v. Russell*, 392 U. S. 293 (88 SC 1921, 20 LE2d 1100) (1968). The State's attorney acquiesced in this motion, and the trial court granted it. Later in the trial, as a

GBI agent was testifying regarding a statement made by Moore, Moore objected on the ground that the testimony exceeded the scope of any notice the State had provided him. In response, the State's attorney stated, "He's not saying that on any particular day he did thus and such. He's saying this is how *we* did it." (Emphasis supplied.) Neither appellant nor either co-defendant made any objection to this remark nor requested a curative instruction, and we do not accept the appellant's contention that the motion in limine obviated the need for such action to preserve the issue for appeal. Accordingly, we hold that the appellant has waived his right to raise this issue on appeal. Accord *Mincey v. State*, 251 Ga. 255 (14) (304 SE2d 882) (1983). See also *Poteat v. State*, 251 Ga. 87 (6) (303 SE2d 452) (1983).

This same GBI agent later testified that the appellant had "stated that Whitley and Moore had come to him wanting . . .," whereupon co-defendant Whitley moved for a mistrial on the ground that this testimony violated the prior ruling of the trial court on the motion in limine. Although appellant had joined in the motion in limine, this particular testimony pertained to a statement which he himself had made, not a statement made by a co-defendant. Accordingly, we reject his contention that this testimony violated his rights under *Bruton*.

4. Appellant elected not to testify and presented no evidence in his behalf. He contends that, notwithstanding his failure to request such a charge, the trial court erred in failing to instruct the jury that no adverse inference was to be drawn from his failure to testify. This enumeration of error is without merit. See *Woodard v. State*, 234 Ga. 901 (7b) (218 SE2d 629) (1975); *Carpenter v. State*, 160 Ga. App. 94 (286 SE2d 329) (1981).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 10, 1985.

*Jeffrey S. Parker*, for appellant.
*Harry D. Dixon, Jr., District Attorney, George Barnhill, Assistant District Attorney*, for appellee.