72686. WILLIAMS v. THE STATE.
(351 SE2d 207)

McMURRAY, Presiding Judge.

Via an eight-count indictment, defendant was charged with various motor vehicle and traffic violations. Following a trial by jury, defendant was convicted upon seven counts of the indictment, to wit: operating a motor vehicle after having received an "habitual violator" notice (Count 1), driving a motor vehicle while under the influence of alcohol (Count 2), operating a motor vehicle without effective liability and no-fault insurance (Count 3), driving a motor vehicle in reckless disregard for the safety of persons and property (Count 4), fleeing or attempting to elude a police officer (Count 5), driving a motor vehicle while his blood contained 0.12% or more by weight of alcohol (Count 6), and driving a motor vehicle without properly displaying a timely validation decal on the license plate (Count 8). Following sentencing during which defendant received probated sentences, defendant moved for a new trial. His motion was denied and this appeal was filed. *Held*:

1. Defendant contends the admission into evidence of official revocation notices, an official request for police service and a computer printout of his entire driving record was error because the documents contained immaterial, irrelevant and prejudicial matter. The record reflects that defendant filed a motion in limine to exclude the documents because they placed his character in issue. Apparently, however, no ruling was made by the court upon defendant's motion.

Defendant objected to the introduction of the documents into evidence. But he failed to set forth specifically the grounds of his objec-

tion: "[DEFENSE COUNSEL]: Your Honor, on each of these documents has listed on it the exact — the exact prior circumstances that were dealt with in the motion here and ruled to be held out to the motion hearing for lack of service. This is exactly the kind of evidence that — THE COURT: It's the gravamen of the declaration of a habitual violator. It's a gravamen of the offense of — it's necessary. It's necessary for the State to prove that he received copies of those notices in order for him to have been properly declared to be a habitual violator. [DEFENSE COUNSEL]: I don't have any objections to the proof that he was notified. But, my objections are to the crime — THE COURT: To what the notice says? [DEFENSE COUNSEL]: On the thing. THE COURT: Well — . . . [DEFENSE COUNSEL]: . . . My objections are that this is exactly the kind of evidence that we intended to keep out. THE COURT: All right. The objection is overruled. . . ."

"As a general rule all evidence is admitted as of course, unless a valid ground of objection is interposed, and the burden is on the objecting party to state at the time some specific reason why it should not be admitted. *Andrews v. State*, 118 Ga. 1 (43 SE 852)." *Lemon v. State*, 80 Ga. App. 854, 855 (1) (57 SE2d 626). Here defendant failed to state why the documents should not have been admitted. He merely objected to the portion of the documents setting forth the commission of various offenses. Accordingly, the trial court did not err in admitting the documents into evidence. *Crews v. State*, 117 Ga. App. 106, 107 (3) (159 SE2d 301). See also *Robinson v. State*, 173 Ga. App. 260, 261 (3) (325 SE2d 882); *Beasley v. State*, 157 Ga. App. 94 (276 SE2d 144).

2. In Count 3 of the indictment, defendant was accused of violating the Georgia Motor Vehicle Accident Reparations Act by "knowingly [operating] a motor vehicle without effective liability and no-fault insurance." See OCGA § 33-34-12. Upon the close of the State's case, defendant moved for a directed verdict of acquittal with regard to Count 3. The motion was overruled by the trial court and defendant assigns error upon that ruling.

The evidence demonstrated that the vehicle driven by defendant was not owned by defendant; it was owned by defendant's brother. It was also demonstrated that defendant was unable to produce an insurance card at the time of his arrest. No other evidence concerning the third count of the indictment was introduced by the State. Even when viewing this evidence most favorably toward the State, we conclude that it is insufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the knowing operation of the vehicle without effective liability and no-fault insurance. See *Ford v. State*, 178 Ga. App. 706, 708 (3) (344 SE2d 514). That defendant did not have an insurance card (or, for that matter, insurance

coverage) cannot be said to prove ipso facto that he knowingly operated a vehicle (which was owned by another) without effective insurance.

A directed verdict is appropriate when "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal." OCGA § 17-9-1 (a). There being no conflict in the evidence, the trial court erred by failing to grant defendant's motion for a directed verdict of acquittal upon Count 3 of the indictment.

3. Defendant contends the trial court erred by admitting into evidence three one dollar bills which were found in the vehicle driven by defendant. (The money was introduced to support the State's theory that defendant had been paid by a passenger for a ride.) Defendant objected to the introduction of this evidence on chain of custody grounds. The officer who found the money testified that he gave it to another policeman; that the policeman placed the money in an envelope (the envelope was marked with the policeman's name and the time) which was sealed in the officer's presence; and that the policeman returned the envelope to the officer. Thus, it was established with reasonable certainty that the money which was retrieved from the vehicle was the money which was introduced into evidence. The trial court did not err in admitting the money into evidence. See *Duckett v. State*, 158 Ga. App. 285, 286 (2) (279 SE2d 734).

*Judgment affirmed as to Counts 1, 2, 4, 5, 6 and 8. Judgment reversed as to Count 3. Carley and Pope, JJ., concur specially.*

POPE, Judge, concurring specially.

I must respectfully disagree with the analysis in Division 1 of the majority opinion. In my view, under the circumstances in this case defendant adequately preserved his objection to the "other crimes" portion of the cited documents. Nevertheless, I fail to see how defendant could have been prejudiced by the admission in evidence of this immaterial and irrelevant information. See *Hester v. State*, 159 Ga. App. 642 (2) (284 SE2d 659) (1981). The relevant evidence of defendant's status as that of a habitual violator was undisputed and conclusive, only the identity of defendant as the driver of the subject car being in dispute. The irrelevant matter in these documents was thus superfluous and could not have contributed to the verdicts. See *Noles v. State*, 164 Ga. App. 191 (2) (296 SE2d 768) (1982).

I am authorized to state that Judge Carley joins in this special concurrence.

DECIDED SEPTEMBER 22, 1986 —
REHEARING DENIED NOVEMBER 25, 1986.

*Michael L. Bankston*, for appellant.

*Michael J. Bowers, Attorney General, J. Brown Moseley, District Attorney, Britt R. Priddy, Assistant District Attorney*, for appellee.