A96A0532. NICHOLS v. THE STATE.
(473 SE2d 491)

Judge Harold R. Banke.

A jury convicted Gaines Frank Nichols of rape, aggravated sodomy, and incest. On appeal, he enumerates fifteen errors, most of which attack evidentiary rulings on similar transaction testimony by two of Nichols' daughters.

The State's evidence from Nichols' trial showed that Nichols sexually assaulted his teenage stepdaughter from his third marriage on four occasions and once orally sodomized her.[1] The incidents occurred intermittently over several months. Nichols always consumed alcohol before the assaults and often insisted that the victim accompany him on drives down deserted roads where he committed the offenses. The victim testified that she did not report the assaults immediately because she feared Nichols would harm her mother and sister, having witnessed Nichols strike her mother and put a gun to her head. Several days after the last assault, the victim told her mother, who called the police and took the victim to be physically examined. *Held*:

1. We reject Nichols' argument that there was a fatal variance

---

[1] The jury could not reach a verdict in Nichols' initial trial.

between the indictment on the incest charge, which stated that the victim was his daughter, and the evidence, which showed she was his stepdaughter.

Not every variance between the allegations in an indictment and the evidence presented at trial is fatal. *Battles v. State*, 262 Ga. 415, 417 (5) (420 SE2d 303) (1992). "The general rule that allegations and proof must correspond is based upon the requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial; and (2) that he may be protected against another prosecution for the same offense. [Cit.]" *Talbot v. State*, 198 Ga. App. 636, 637 (402 SE2d 366) (1991). Because the indictment correctly named Nichols' stepdaughter as the victim and the incest statute prohibits sexual intercourse between father and stepdaughter, we find Nichols was sufficiently informed of the charges. OCGA § 16-6-22 (a) (1). By its nature, the technical variance at issue could have no effect on future prosecutions for the same offense. Accordingly, the variance was not fatal.

2. The trial court's refusal to strike a juror for cause because he admitted to feeling biased against the accused due to general media coverage of sexual violence and child abuse was not reversible error. The juror subsequently agreed that he could decide the case based on the evidence, but then expressed doubts about the effect that "heartfelt testimony" would have upon him.

The fact that a potential juror may have some doubt about his impartiality or complete freedom from all bias does not demand as a matter of law that the juror be excused for cause. *Greenway v. State*, 207 Ga. App. 511, 513 (3) (428 SE2d 415) (1993). Because the record does not demonstrate that the juror's opinion was "so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence," we cannot say that the trial court abused its discretion in declining to strike the juror for cause. (Citations and punctuation omitted.) Id.

3. We reject Nichols' argument that the similar transaction testimony given by two daughters from his former marriages was improperly admitted. Both daughters testified that Nichols had repeatedly sexually assaulted them as teenagers, 24 and 27 years previously. They both testified that the assaults occurred after Nichols had consumed alcohol, often after he had driven them to a deserted road, and he had threatened to hurt their mothers if they told. The record shows that Nichols thoroughly cross-examined these witnesses about the time lapse and their motives for testifying against their father.

The rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses. *Wells v. State*, 208 Ga. App. 298, 303 (2) (b) (430 SE2d 611) (1993). The lapse

of time between the charged offense and the similar transaction must be considered when deciding whether to admit evidence of independent crimes; however, particularly in cases involving the sexual exploitation of young family members over generations, the remoteness in time is not wholly determinative, but goes to weight and credibility. *Bryson v. State*, 210 Ga. App. 642, 643 (437 SE2d 352) (1993); *Hall v. State*, 204 Ga. App. 469 (1), 471 (419 SE2d 503) (1992). Under the circumstances of this case, we find that the time lapse did not render the evidence inadmissible. Compare *Gilstrap v. State*, 261 Ga. 798, 799 (410 SE2d 423) (1991) (evidence inadmissible after 31-year lapse).

We also reject Nichols' argument that the trial court improperly placed his character into issue by allowing the similar transaction witnesses to testify that he beat and threatened to kill their mothers. The record shows that this evidence was admitted to show method of operation and course of conduct, i.e., Nichols' method for ensuring that his daughters and the victim did not report the sexual assaults. See *Williams v. State*, 251 Ga. 749, 755 (4) (312 SE2d 40) (1983). This evidence is therefore substantially relevant and admissible for a permissible purpose rather than to show bad character. Id.

Further, the witnesses' alleged retaliatory motives for testifying would not bar their testimony. Such motives, which Nichols thoroughly explored on cross-examination, are for the jury to weigh in determining the witnesses' credibility. See *Self v. State*, 208 Ga. App. 447, 448 (3) (431 SE2d 126) (1993); and *Rouse v. State*, 204 Ga. App. 845 (1), 846 (420 SE2d 779) (1992).

4. The trial court did not commit reversible error by granting the State's motion in limine to restrict the cross-examination of one of the similar transaction witnesses. Nichols was not permitted to ask one of his daughters whether, in denying any sexual acts with him, she had stated at age 13 that she would rather sleep with the black man over the hill than with her father. Only the racial reference was excluded. Inasmuch as the issue of race was irrelevant to this case, the trial court did not abuse its discretion in prohibiting the reference. *Hood v. State*, 216 Ga. App. 106, 108 (4) (453 SE2d 128) (1995); see *Kornegay v. State*, 174 Ga. App. 279, 282 (329 SE2d 601) (1985).

Nor did the trial court abuse its discretion in restricting Nichols' cross-examination of this daughter regarding his family's previous lifestyle. Whether this daughter was permitted to have friends visit when she lived with him over 20 years earlier was irrelevant and beyond the scope of the direct examination. *Hood*, 216 Ga. App. at 108 (4); *Spivey v. State*, 165 Ga. App. 820, 821 (2) (302 SE2d 729) (1983).

We further reject Nichols' argument that the trial court improperly restricted his cross-examination of this daughter by directing

him to proffer any questions about whether she was a troublemaker to assure that the foundation was sufficient. Nichols failed to demonstrate both error and harm from this ruling. *Durham v. State*, 129 Ga. App. 5, 6 (3) (198 SE2d 387) (1973).

5. The trial court did not err in prohibiting Nichols from asking the victim's mother whether she believed her daughter's statements about the offenses or could tell her daughter was lying from her body language. Determining a witness's credibility is exclusively within the jury's province. OCGA § 24-9-80; *Nichols v. State*, 177 Ga. App. 689, 692 (2) (340 SE2d 654) (1986). Because Nichols in effect sought to solicit the mother's opinion about the victim's testimony on the ultimate issue in this case, granting the State's motion in limine to prevent the inquiry was not error. OCGA § 24-9-65; compare *Yebra v. State*, 206 Ga. App. 12, 14 (3) (424 SE2d 318) (1992).

6. The State's failure to preserve a rape kit purportedly containing evidence from the physical examination of the victim did not deprive Nichols of due process.[2] Assuming that pathology tests were run on the evidence from the rape kit and they showed the absence of sperm and Nichols' pubic hair, the facts that the assaults had commenced several months earlier and several days had passed between the final sexual assault and the examination rendered the exculpatory value of this evidence negligible. *Walker v. State*, 264 Ga. 676, 680 (3) (449 SE2d 845) (1994). In the absence of evidence that the undisclosed evidence was material and that the State acted in bad faith in failing to preserve the evidence, we reject Nichols' assertion that his constitutional rights were violated. Id. Furthermore, in light of the inculpatory evidence presented and the time span between the assault and the examination, we find no reasonable probability that the admission of the rape kit would have altered the trial's outcome. *Cato v. State*, 195 Ga. App. 619 (1), 620 (394 SE2d 413) (1990).

7. The trial court did not err in permitting the State to recall the victim's mother in order to lay a foundation for impeaching her with prior inconsistent statements about Nichols' physical abuse of her. "[T]he witness may be recalled at any time" to lay a foundation for impeachment. OCGA § 24-9-83.

8. In closing, the State argued that Nichols would have been willing to "play house with" his 14-year-old natural daughter, who testified that shortly after Nichols' arrest he asked her to run away and cook and clean for him. Pretermitting the propriety of this argument, the record shows that when the State made this statement, Nichols failed to object, thus failing to preserve the issue for review. *Jacobs v.*

---

[2] The victim's mother testified that a detective gave them a rape kit to take to the hospital and a doctor performed the procedures it required and stated that it would be sent to a laboratory.

*State*, 207 Ga. App. 714, 717 (4) (429 SE2d 256) (1993).

Because the remaining enumerations are not supported by argument or citation of authority, they are deemed waived. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 10, 1996 —
RECONSIDERATION DENIED JUNE 3, 1996 — 

*Tony H. Hight*, for appellant.
*Lewis R. Slaton, District Attorney, William F. Riley, Jr., Leonora Grant, Assistant District Attorneys*, for appellee.